UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **MANOUCHKA SCARPATI**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**LUTHERAN SERVICES FLORIDA, INC.**, a Florida not-for-profit corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No.   2:23-cv-018<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **MANOUCHKA SCARPATI** ("**SCARPATI**" or Plaintiff), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under 42 U.S.C. §1981 and Florida's Private Whistleblower Act § 448.102 ("FWA") for (1) racial discrimination in violation of §1981, and (2) retaliation in violation of Florida Statute § 448.102.

## PARTIES

2. **SCARPATI** is an individual and a resident of Florida who at all material times resided in Charlotte County, Florida but who worked for the Defendant in Lee County, Florida.

3. Defendant, **LUTHERAN SERVICES FLORIDA, INC.** ("Defendant") is a Florida not-for-profit corporation registered with the Florida Secretary of State that operates social services in Lee County, Florida. The Defendant employs in excess of 10 employees and is a "person" under §1981 and an "employer" under the FWA.

4. At all times relevant to the instant action, the Defendant was the Plaintiff's employer within the meaning of the FWA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since Lee County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7. The Defendant operates "various programs, including early education, youth shelters, foster care, refugee and resettlement services, substance abuse mental health services, and adult guardianship. Headquartered in Tampa,

Florida, LSF has more than 60 programs throughout Florida and approximately 1,200 dedicated employees."

8. **SCARPATI** began working for the Defendant as a child welfare case manager on or about December 26, 2018.

9. **SCARPATI** is African-American and always performed her assigned duties in a professional manner and were very well qualified for her position.

10. **SCARPATI** always met and exceeded performance goals and always received very good to excellent performance reviews.

11. However, the Defendant's practices violate the OSH Act of 1970, which requires employers like the Defendant to "furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees."

12. The Defendant was aware that many of the youths that **SCARPATI** was assigned to visit were prone to extreme violence and sexual violence.

13. One such youth was an approximately 10-year-old boy that had a history of physical and sexual violence against case workers like **SCARPATI**. The boy was large enough that he could physically overpower someone of **SCARPATI**'s stature and had psychological impairments that made him particularly unstable. The forgoing was well-known to the Defendant, which gets paid per visit to such youths by case managers like **SCARPATI**.

14. Putting profit over employee safety, the Defendant demanded that **SCARPATI** conduct a visit with this 10-year-old boy on or about November 14, 2022.

15. In objecting to going to visit this physically and sexually violent youth, **SCARPATI** warned the Defendant of his proclivities, and that the Defendant should arrange for some sort of security to be present during her site visit due to the youth being such a known danger.

16. Shortly after arriving for the site visit, the boy became belligerent, threatened to rape her, and then become physically and sexually violent. In the ensuing fracas, **SCARPATI** was forced to defend herself or risk serious bodily harm or death. The boy was then taken into custody by law enforcement under the Baker Act.

17. Shortly thereafter, the Defendant retaliated against **SCARPATI** for her objection to and initial refusal to conduct the unreasonably dangerous site visit with the physically and sexually violent youth, ultimately suspending her on November 15, 2022 and terminating her on December 1, 2022.

18. At the time of her termination, **SCARPATI** was an employee in good standing and was not under any performance improvement plan.

19. To the extent the Defendant terminated **SCARPATI** for defending herself against the boy's physically and sexually violent behavior, similarly situated Caucasian case managers who did nearly the same thing as **SCARPATI** (by defending themselves against a physical attack) were not terminated and thus treated more favorably than the African-American **SCARPATI**.

20. **SCARPATI** was wrongfully terminated in violation of §1981 and Florida law.

## COUNT I – VIOLATION OF §1981- RETALIATION

21. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

22. **SCARPATI** is an African-American person and, as such, is a member of a protected class.

23. At all material times, **SCARPATI** was an employee and the Defendant was her employer.

24. **SCARPATI** was qualified for the positions that she held with the Defendant.

25. The acts, failures to act, practices and policies of the Defendant set forth above constitute racial discrimination in violation of §1981.

26. As a direct and proximate result of the violations of §1981, as referenced and cited herein, **SCARPATI** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

27. As a direct and proximate result of the violations of §1981, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **SCARPATI** is entitled to all relief necessary to make her whole as provided for under §1981.

28. As a direct and proximate result of the Defendant's actions, **SCARPATI** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT II –VIOLATION OF FLORIDA STATUTE 448.102: FLORIDA'S PRIVATE WHISTLEBLOWER ACT

29. Plaintiff incorporates by reference Paragraphs 1-18 and 20 of this Complaint as though fully set forth below.

30. The Plaintiff was an employee of the Defendant, a private company.

31. At all material times, the Plaintiff was to be protected from negative employment action by Florida Statute 448.102(1)-(3), commonly known as Florida's "whistleblower statute," which in relevant part provides:

> "An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice;
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer, and;
>
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

32. The Plaintiff did engage in statutorily protected activity by her objection to, and refusal to participate in, the Defendant's violations of law.

33. After engaging in statutorily protected activity, the Plaintiff suffered negative employment action – her termination – which is a direct result of her statutorily protected activity.

34. The Plaintiff's termination and her engaging in statutorily protected activity are causally related.

35. The Defendant knew that the Plaintiff was engaged in protected conduct as referenced herein and took adverse action against her because of it.

36. As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, the Plaintiff has lost benefits and privileges of her employment and has been substantially and significantly injured in her career paths that was anticipated from her employment.

37. As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, the Plaintiff is entitled to all relief necessary to make her whole.

**WHEREFORE,** Plaintiff demands damages against Defendant for violation of Florida's Private Sector Whistle-blower's Act (Section 448.102, Fla. Stat.), including but not limited to all relief available under Section 448.103, Fla. Stat., such as:

(a) reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position,

(b) reinstatement of full fringe benefits and seniority rights,

(c) compensation for lost wages, benefits, and other remuneration,

(d) any other compensatory damages allowable at law,

(e) attorney's fees, court costs and expenses, and

(f) such other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: January 10, 2023     **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com